

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 28, 1993

Honorable Bob Bullock
Lieutenant Governor of Texas
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. DM-201

Re: Authority of the Texas Department of Health to enact rules regarding nursing facilities  (RQ-465)

Dear Governor Bullock:

You have asked us whether the Texas Department of Health (the department) is legally authorized to enact the regulations currently proposed in the *Texas Register*. We understand you specifically to ask about proposed sections 145.13 and 145.17 of title 25 of the Texas Administrative Code. *See* Tex. Dep't Health, 17 Tex. Reg. 7314-16 (1992). If promulgated, these regulations will require an applicant for a license to operate a nursing facility to disclose certain information regarding the applicant's prior involvement in the operation of nursing facilities, including any previous denial or revocation of a license to operate a facility[1] in this or another state, any Medicare or Medicaid decertification of any facility that the applicant operated, and any previous criminal convictions. Further, the proposed regulations will authorize the department to deny a license if the applicant has a "bad track record."[2]

---

[1]In the context of the proposed regulations, "facility" includes a nursing facility. Tex. Dep't Health, 17 Tex. Reg. 7311-12 (1992) (to be codified as 25 T.A.C. § 145.3). Proposed section 145.2(b) defines "nursing facility" as "an establishment that provides food, shelter, and nursing care to four or more persons who are unrelated to the owner of the establishment and that provides minor treatment under the direction and supervision of a physician licensed by the Texas State Board of Medical Examiners, or other services that meet some need beyond the basic provision of food, shelter, or laundry. A nursing facility may be a building, which may consist of one or more floors or one or more units, or may be a distinct part of a hospital." *Id.* at 7311; *see also id.* at 7312 (to be codified as 25 T.A.C. § 145.3) (defining "nursing facility").

"Facility" also encompasses a maternity facility and a facility serving persons with mental retardation or a related condition. *See id.* at 7311 (to be codified as 25 T.A.C. § 145.3) (defining "facility"); *id.* (to be codified as 25 T.A.C. § 145.2(c), (d)) (defining "maternity facility" and "facility serving person with mental retardation or related conditions").

[2]The proposed regulations also require the applicant to disclose certain occurrences in the history of persons who will control the nursing facility, the facility lessor, officers, affiliates, and facility manager. Tex. Dep't Health, 17 Tex. Reg. 7314 (1992) (to be codified as 25 T.A.C. § 145.13(d)). Additionally, the proposed regulations require or authorize the department to deny an application for a license based on the past actions of the facility manager, affiliate, or license holder. *Id.* at 7315 (to be codified as 25 T.A.C.

An administrative agency of the state has only those powers that the legislature expressly has conferred on the agency by statute together with those powers that necessarily can be implied from the statute. Attorney General Opinion JM-1017 (1989) at 3 (and sources cited therein). An agency may not promulgate a regulation that imposes burdens, conditions, or restrictions that exceed or are inconsistent with statutory provisions. *Id.* Whether a regulation is valid under some specific statutory authorization or is implicitly authorized to effectuate an expressly granted power depends upon the particular regulation involved. Attorney General Opinion H-949 (1977) at 2.

The department proposes to promulgate these sections pursuant to the authority granted it in V.T.C.S. article 6252-13a, section 5; section 12.001 of the Health and Safety Code; and chapter 242 of the Health and Safety Code. Article 6252-13a, section 5, V.T.C.S., provides the procedure the Texas Board of Health (the board) must follow to properly adopt regulations. For purposes of this opinion, we need not determine whether, in proposing these regulations, the board has adhered to V.T.C.S. article 6252-13a, section 5.

Section 12.001 of the Health and Safety Code provides the board with general powers and duties. Subsection (a) provides the board with "general supervision and control over all matters relating to the health of the citizens of this state." Subsection (b)(1) requires the board to adopt regulations to govern its own procedure and the performance of each duty the law imposes on the board, the department, and the Commissioner of Health.

Two provisions in chapter 242 of the Health and Safety Code appear particularly relevant to the board's proposed regulations. Section 242.032(b) authorizes the department to require evidence from a license applicant that the applicant will be able to "comply with the standards and rules adopted established under this chapter." Section 242.033(a) requires the department to issue a license if it determines that "the applicant and facilities meet the requirements established under this chapter." *See also* Health & Safety Code § 242.061(a). In various sections of chapter 242, the legislature either establishes requirements or authorizes the board to adopt and enforce regulations with which a nursing home licensee must comply. *See, e.g.,* Health & Safety Code §§ 242.012(a) (requiring each institution to adhere to Hum. Res. Code ch. 102), 242.037 (authorizing board to adopt and enforce minimum standards relating to various aspects of nursing home administration, including construction of institution, sanitary conditions in and around institution, and dietary needs of each resident), 242.039 (requiring licensee to comply with 1985 edition of Code for Safety to Life from Fire in Buildings and Structures), 242.152 (requiring board to regulate administration of medication); 25 T.A.C.

---

(footnote continued)
§ 145.17(e)(1), (2)). For the sake of convenience, we will refer only to the applicant's past involvement in the operation of nursing facilities.

§§ 145.13, 145.14, 145.23.[3]  We assume that to the extent possible an applicant must produce evidence that it can comply with the same statutory requirements and agency regulations.

Significantly, section 242.037(2) of the Health and Safety Code authorizes the board to adopt and enforce minimum standards relating to the "qualification of all personnel, including management . . . personnel, responsible for any part of the care given to the residents."  In our opinion, this authorization is broad enough to encompass the proposed regulations because the regulations provide the department a means by which it can investigate an applicant's qualifications to operate a nursing facility based upon the applicant's prior involvement in the operation of nursing facilities.  Furthermore, section 242.033(a) requires the department to issue a license to operate a nursing facility only if the applicant meets "the requirements established under this chapter."  We believe this provision is broad enough to encompass the proposed regulations because the regulations empower the department to deny a license to an applicant if, due to the applicant's prior involvement in the operation of nursing facilities, the applicant does not meet departmental standards.  In conclusion, therefore, we believe that chapter 242 provides the board sufficient authority to promulgate the proposed regulations.

## S U M M A R Y

The Texas Board of Health is authorized to enact regulations requiring an applicant for a license to operate a nursing facility to disclose certain information regarding the applicant's prior involvement in the operation of nursing facilities.  Additionally, the board is authorized to enact regulations that will empower the Texas Department of Health to deny a license based on information the department has received regarding the applicant's prior involvement in the operation of nursing facilities.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[3]The department proposes to repeal sections 145.13, 145.14, and 145.23 of title 25, Texas Administrative Code.  See Tex. Dep't Health, 17 Tex. Reg. 7312-13 (1992).  Apparently, proposed sections 145.11 and 145.12 of title 25 of the Texas Administrative Code will replace the material in the repealed sections.  See id. at 7313-14.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly Oltrogge
Assistant Attorney General